HOWARD O. WOOD, as Ancillary Receiver of the STANTON OIL COMPANY, Appellant, *v.* CHARLES A. STONEHAM, Respondent.

First Department, November 2, 1923.

Corporations — stock and stockholders — action to restrain sale of stock — stock was issued in name of third person but not delivered — subsequently without authority and without indorsement stock was delivered to creditor of corporation as security — creditor delivered stock to defendant as security.

In an action by the receiver of a corporation to restrain the defendant from negotiating certain stock certificates, the complaint states a cause of action where it is alleged that the stock in question was issued in the name of a third

person but was not delivered to him; that the certificates remained in the possession of the corporation and it never received any consideration from the third person therefor; that thereafter the certificates were wrongfully taken by agents of the corporation and delivered to the defendant's transferor as security for an alleged claim against the corporation, the validity of which the corporation disputes; that the stock was subsequently delivered to the defendant by the alleged creditor of the corporation; that the plaintiff has notified the defendant that the stock was wrongfully and illegally issued to his transferor and that said transferor has no right, title or interest in the stock; and that the defendant threatens to dispose of the certificates of stock for the purpose of satisfying his claim against his transferor.

The absence of an indorsement or written assignment or power of attorney gave notice to any one who received the stock certificates that he was taking only such title as the said third person in whose name they were issued had, which in this case, according to the allegations of the complaint, was no title at all.

APPEAL by the plaintiff, Howard O. Wood, as ancillary receiver, etc., from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 24th day of July, 1922, granting the defendant's motion for judgment dismissing the complaint, made upon the ground that it does not state facts sufficient to constitute a cause of action, and also from the judgment entered in said clerk's office on the 1st day of August, 1922, pursuant to said order.

*Wood, Cooke & Seitz* [*William G. Cooke* of counsel], for the appellant.

*Nathan D. Stern* of counsel, for the respondent.

MARTIN, J.:

The complaint alleges that plaintiff is ancillary receiver of the Stanton Oil Company, a corporation organized under the laws of the State of Delaware, he having been appointed such by an order of the United States District Court for the Southern District of New York on the 1st day of June, 1921.

It is further alleged that said corporation entered into an agreement with one Del Walker for the sale and transfer of property by Del Walker to the corporation, and for the transfer to Del Walker of stock to be issued by the corporation; that thereafter the agreement was modified so that the amount of stock to be issued as aforesaid to Del Walker should be reduced; that on information and belief, all of the stock was issued in the name of Del Walker, but was not delivered; that the certificates remained in the possession of the corporation; and that it never received any consideration from Del Walker for the stock so remaining in its possession.

It is also alleged that a partnership called W. L. Darnell & Co. made a claim against the Stanton Oil Company; that W. L. Darnell & Co. presented a claim for said indebtedness to the receiver in

Kentucky; that such indebtedness has not been adjudicated, and the corporation disputes the said alleged indebtedness; that the aforesaid stock, remaining, as stated, in the possession of the corporation, was wrongfully taken by one of its agents, without the authority of the board of directors or of the said corporation, and without receiving any consideration therefor, and was delivered to W. L. Darnell & Co. as security for the payment of the alleged indebtedness; that thereafter W. L. Darnell & Co. pledged the certificates of stock with the defendant to secure a debt owing to him from W. L. Darnell & Co., without the knowledge or consent of plaintiff; that plaintiff has notified defendant that the aforesaid stock was wrongfully and illegally issued to W. L. Darnell & Co.; and that W. L. Darnell & Co. has no right, title or interest in and to said stock. It is also set forth that the defendant threatens to dispose of the certificates of stock, the same being of a face value of $750,000, for the purpose of satisfying the lien he claims, as security for the alleged indebtedness to the defendant of W. L. Darnell & Co.

The complaint alleges that the stock was issued but not delivered to Del Walker. Apparently, therefore, it was simply written up to be issued. Subsequently, according to the complaint, the certificates in the name of Del Walker were delivered, without authority of the corporation, by an agent of the corporation, to secure a corporate indebtedness.

It may be fairly inferred from the pleadings that the stock certificates are written as being issued in the name of Del Walker. There is no allegation that they were indorsed in that name.

Reliance on mere delivery of unindorsed certificates is quite a different matter from reliance on negotiation or other transfer such as is contemplated by section 162 of the Personal Property Law (as added by Laws of 1913, chap. 600), known as the Uniform Stock Transfers Act. A person in possession of these certificates, it may be assumed from the complaint, is not protected by the provisions of the statute. To any one taking them, the absence of either an indorsement or a written assignment or power of attorney gave notice that he was taking only such title as Del Walker had and had transferred. That was no title at all, according to the complaint.

Plaintiff also contends that, because the defendant has threatened, and continues to threaten, to transfer said certificates of stock, there is great danger that they may be passed on to various purchasers.

The facts set forth in the complaint show sufficient grounds for the maintenance of an action of this character.

The judgment appealed from and the order granting defendant's motion for judgment dismissing the complaint upon the ground that it does not state facts sufficient to constitute a cause of action should, therefore, be reversed, with costs, and the motion denied, with ten dollars costs, with leave to the defendant to answer within twenty days from service of the judgment to be entered upon the order of this court herein upon payment of said costs.

CLARKE, P. J., SMITH, FINCH and McAVOY, JJ., concur.

Judgment and order reversed, with costs to appellant, and motion denied, with ten dollars costs, with leave to defendant to answer within twenty days from service of judgment to be entered upon order upon payment of said costs.